UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.                                  No. 16-20444

KATRINA PORTER,               HON. GEORGE CARAM STEEH

        Defendant.
_____/

ORDER DENYING MOTION FOR EXPUNGEMENT (ECF No. 20)

In this criminal action, defendant Katrina Porter was charged with conspiracy to obtain controlled substances by fraud, 21 U.S.C. §§ 846, 843(a)(3). Porter pleaded guilty to Count I of the indictment in 2017 and was sentenced to one day (time served) followed by one year of supervised release. Porter completed her sentence in 2018.

On June 26, 2024, acting *pro se*, Ms. Porter filed a written submission asking the Court to expunge her criminal record because it is hindering her employment opportunities and causing her emotional distress. The Court construes Ms. Porter's filing as a motion for expungement.

"Under the law of this circuit, there is some question whether a district court has ancillary jurisdiction over expungement motions." *United States v. Bowen*, 2021 WL 5052969 at *1 (N.D. Ohio Nov. 1, 2021) (citing and

discussing *United States v. Lucido*, 612 F.3d 871, 876 (6th Cir. 2010) and *United States v. Doe*, 556 F.2d 391 (6th Cir. 1997)). Assuming *arguendo* that this Court has jurisdiction to consider, in its discretion, whether to grant expungement, "expungement power is narrow and appropriately used only in extreme circumstances." *United States v. Robinson* WL 107129 at * 1 (6th Cir. 1996). "[F]ederal courts have most readily invoked the expungement power with respect to illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct. Conversely, courts have uniformly denied expungement requests regarding valid convictions." *Id.* at *2 (citations omitted). The Sixth Circuit has expressly held that a federal court does not have jurisdiction to consider a motion for expungement "grounded on purely equitable considerations – *e.g.,* motions alleging that the movant has maintained good conduct and that the record of arrest harms the movant's employment opportunities." *United States v. Field*, 756 F.3d 911, 915 (6th Cir. 2014) (citing *Lucido,* 612 F.3d at 874).

Here, Porter does not challenge the validity of her conviction. Rather, she asserts that expungement will help further her employment opportunities. While this Court is sympathetic to Porter's circumstances, it lacks the authority to provide the relief she seeks. Accordingly,

- 3 -

IT IS HEREBY ORDERED that defendant's motion for expungement (ECF No. 20) is DENIED.

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: July 9, 2024
Detroit, Michigan

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 9, 2024, by electronic and/or ordinary mail and also on Katrina Porter, 513 Blue Ridge Way, Canton, GA 30144.

s/LaShawn Saulsberry
Deputy Clerk